UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CARLTON LAMAR HOLDEN, )<br>)<br>Defendant. ) | Criminal Case No.<br>17-CR-33-JMH-1<br><br>**MEMORANDUM OPINION & ORDER** |

\*\*\*

In his Motion to Revoke Detention Order [DE 37; Response at 39; Reply at 40], Defendant seeks review of the Magistrate Judge's Detention Order [DE 34] of March 14, 2017, pursuant to 18 U.S.C. § 3145(b). Having reviewed the matter de novo and for the reasons which follow, his motion is **DENIED**. *See United States v. Watkins*, No. CRIM.A. 13-02-KSF, 2013 WL 614252, at \*3 (E.D. Ky. Feb. 19, 2013) (citing *United States v. Yamini*, 91 F.Supp.2d 1125, 1129 (S.D. Ohio 2000); *United States v. Williams*, 948 F.Supp. 692 (E.D. Mich. 1996)) (conducting de novo review of detention order).

Under 18 U.S.C. § 3142(e), the Court may order the detention of a person before trial when it finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *See United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing *United States v.*

1

*Salerno*, 481 U.S. 739 (1987)). Pretrial release should only be denied for "the strongest of reasons." *Truong Dinh Hung v. United States*, 439 U.S. 1326, 1329 (1978) (quoting *Sellers v. United States*, 89 S. Ct. 36, 38 (1968)). The default position of the law is that a defendant should be released pending trial. *Stone*, 608 F.3d at 945 (Black, J.).

Defendant Holden is, however, under indictment for "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. [§] 801[,] *et seq.*) . . .[,]" and, thus, there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of [Defendant] as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). "Section 3142(e)(3)'s presumption in favor of detention imposes only a 'burden of production' on the defendant, and the government retains the 'burden of persuasion.'" *Stone*, 608 F.3d at 945 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001); *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985). The defendant's burden of production "is not heavy." *Id.* (citing *Mercedes*, 254 F.3d at 436). The defendant is only required to produce "some evidence" tending to satisfy this "relatively light" requirement. *Id.* (citing *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991); *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991)). In his detention

2

order [DE 34], the Magistrate Judge concluded that "Holden rebutted the flight presumption but did not rebut the danger presumption" based upon the proffers of counsel and the evidence presented at the detention hearing. [DE 34.] Accordingly, the Court begins its inquiry here.

Counsel proffered that Defendant's father (who did not appear) would welcome Defendant to live with him in Louisville if released and that Defendant had been primarily residing there over the year prior to his arrest on February 9, 2017. Counsel for Defendant also provided documents to the magistrate judge to demonstrate that Defendant has appeared for all court proceedings for which he had notice arising out of June 2016 domestic violence charge and a December 2016 assault charge, both in Dayton, Ohio. Counsel then argued that Defendant's failure to appear for a proceeding related to a traffic offense in January 2015 was of little probative value given its age and the minor nature of the offense. Counsel also highlighted Defendant's lack of a felony criminal record or history of serious drug abuse. She conceded that he had regularly used marijuana but argued that use of marijuana did not present the same dangers associated with the abuse of "more serious" drugs.

Defendant argues that he has met the relatively light burden to overcome the presumption by producing evidence tending to demonstrate that he is not dangerous, including "favorable

3

information about [his] character and criminal history" and evidence of "a third-party custodian or other character witness to testify on his behalf." *Stone*, 608 F.3d at 947 (holding that members of a paramilitary organization involved in stockpiling weapons and explosives were able to satisfy their burden of production to rebut the presumption of dangerousness using this type of evidence). He argues that he has presented at least as much evidence in his favor if not more than the defendant in *United States v. Marcum*, 953 F. Supp.2d 877, 882 (W.D. Tenn. 2013), where proof that a defendant, who was charged with conspiracy to distribute a controlled substance and money laundering, had only been convicted in the past of possession of a controlled substance with the intent to distribute, had family in the state, and had not fled after his home was raided, was sufficient to rebut the statutory presumption in favor of detention.

Thus, Defendant argues that he has presented sufficient proof to overcome the presumption in favor of detention. The Court is not entirely persuaded. Rather, assuming that Defendant has presented a modicum of evidence sufficient to overcome the presumption with respect to flight, he has failed to rebut the presumption, no matter how light, in favor of detention with respect to the danger posed by his presence in the community. There was no evidence of his good character,

4

other than his father's willingness to house him and his willingness to appear for scheduled court appearances, both of which go more to the idea that he would not flee if released than the idea of danger. Further, the Court is not persuaded that his choice to consume marijuana instead of harder drugs somehow militates in favor of the conclusion that he does not pose a danger to the community. Accordingly, the Court concludes that Defendant has failed to rebut the presumption of 18 U.S.C. § 3142(e)(3) with respect to the presumption that he poses a danger to the community.

Even if the Court determines Defendant has met his burden of production, the United States has also met its burden of persuasion to demonstrate that Defendant poses a threat to the community under 18 U.S.C. § 3142(e)(1), using the § 3142(g) factors, because the same evidence which overcomes the § 3142(e)(3) presumption with respect to flight makes it hard for this defendant to suggest his history and characteristics suggest that he is not a danger to the community. *See* 18 U.S.C. § 3142(g)(3). Defendant argues that, nonetheless, there is not clear and convincing evidence that he is a danger to any person or the community and that the magistrate judge erroneously relied on the seriousness of the offense charged in detaining him while granting pre-trial release to his co-defendant – who is charged with the same offenses. He argues that the weight of

5

the evidence factor is to be given the "least weight" by the courts but also "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." He argues further that he was neither armed nor in possession of a weapon during his arrest, and has not manifested violent intentions, and that he has a limited prior criminal history lacking in felony convictions.

Nonetheless, these are factors that may be considered. Since his original detention hearing, a grand jury has indicted him, indicating that there is probable cause to believe that Defendant was involved in trafficking heroin, fentanyl, and furanylfentanyl in or near Mt. Sterling, Kentucky. Task Force Officer Timothy Graul testified during the preliminary hearing that Defendant's charges arise out of an ongoing trafficking situation which precipitated two overdoses necessitating Narcan resuscitation and eventually led to the controlled buy. [*See* DE 9; DE 34-1 at 2-3, Page ID# 81-82.] TFO Graul provided a detailed account of how investigators connected Defendant to the drugs trafficked to the individuals who overdosed – since they were able to identify a phone number for their supplier which was later used in the controlled buy orchestrated by investigators. Both the magistrate judge and the undersigned see strong evidence against him. While the Court evaluates Defendant's "dangerousness," not his guilt as to the charged

6

offenses, *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010), the Court cannot ignore, as Defendant wishes, that he is charged with a serious drug trafficking crime. The danger associated with trafficking in heroin, fentanyl, and furanylfentanyl leading to near fatal overdoses cannot be overstated. Nor can the Court ignore that a cooperating source told police that Defendant had a handgun tucked into his waistband during a controlled buy of heroin on December 19, 2016, and that a handgun was located during a warranted search at an apartment which was Defendant's residence (notably, not located in Louisville) on January 19, 2017.

Further, during the months prior to his arrest with respect to the present charges, Defendant was charged with domestic violence and assault in violation of Ohio law. The Court considers that, while there is no evidence that Defendant was using heroin or cocaine, for example, there is evidence that he used marijuana daily for six years until he was arrested by state officers on charges related to the present matter. He had three convictions for driving without a license during a six month period in the second half of 2014. Looking at the evidence with fresh eyes, the Court ultimately agrees with the magistrate judge that the evidence reveals an individual who has an issue with recidivism or who has at least failed to appreciate the opportunity for rehabilitation afforded by the

7

punishments meted out by the courts. In this vein, the Court finds it meaningful that the December 2016 assault and the activities which comprise the instant offense took place while he was on community control supervision for the June 2016 domestic violence and assault convictions. Moreover, he was placed on probation on November 22, 2016, less than a month prior to the controlled purchase of heroin on December 19, 2016, and a pending assault charge arising out of an incident in Dayton on December 20, 2016. His use of controlled substances; the commission of domestic violence and assault; and a willingness to carry a firearm while trafficking narcotics – all while on release with respect to an earlier charge, even if it was a misdemeanor – give the Court serious pause as it evaluates the potential danger to the community posed by Defendant if released and which cannot be overcome by any bond conditions that the Court would impose. For better or for worse, these facts suggest to the Court an individual who is either unwilling or unable to curtail his behavior and to conform it to the law, even under the watchful eye of the courts.

The Court has no evidence of how Defendant's father might ensure that he would be compliant with bond conditions concerning further crimes or dangerous activities should Defendant reside with him in Louisville. While he might continue to appear in front of this Court, the Court is not entirely

persuaded that Defendant has any intention of staying where he says that he will. Even though there is a suggestion that he had already resided with his father in Louisville much of the year before his arrest, there is no clear sense of where Defendant actually resided during that time -- perhaps in Louisville, as counsel suggests; perhaps in Dayton, where he had prior trouble with the law; or perhaps in Mt. Sterling, where he was arrested, an apartment was searched, and where the charged trafficking took place. Nor is there a clear sense of what sort of law-abiding activities Defendant has undertaken or might undertake with his time as, for example, there is no evidence of his employment since at least March 2016 notwithstanding his relative youth (21) and apparent good mental and physical health. Nor is his behavior, of which there is evidence, benign. Rather, with time on his hands, Defendant has managed to commit domestic violence and assault and commit to daily use of a controlled substance, marijuana – and quite possibly to dealing in controlled substances as charged.

Contrary to Defendant's argument, sufficient consideration has been given to his history, character, and youth in the pre-trial detention proceedings. They were simply not viewed as positively as he might have wished.[1] More to the point, the

---

[1] Similarly, while Defendant is disappointed that he was not treated the same way as his co-defendant and released, he has not shown the Court any similarities beyond the charges against them which might render the

United States articulated sufficient facts to demonstrate by clear and convincing evidence that "no conditions" can assure the safety of the community if he is granted pre-trial release. Ultimately, the government has borne its burden of persuasion, based on the 18 U.S.C. § 3142(g) factors, to show that there were no conditions or combination of conditions which would reasonably assure the safety of the community. Ultimately, the Court is persuaded that that Defendant has failed to rebut the presumption of 18 U.S.C. § 3142(e)(3) and, in the alternative, the United States has presented clear and convincing evidence that Defendant's continued detention is necessary for the safety of the community pursuant to the factors listed 18 U.S.C. § 3142(g).

Accordingly, Defendant's Motion to Revoke Detention Order [DE 37] is **DENIED**.

This the 12th day of April, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

---

comparison meaningful and useful in determining the propriety of detaining Defendant Holden.